IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARIEM YOONUS, #311-517,     *
      Plaintiff
                                                       *

    v.                                                  CIVIL ACTION NO.  PJM-05-1147
                                                     *

RODERICK SOWERS, et al.,
      Defendant                      *
                                    *******

## MEMORANDUM OPINION

On April 27, 2005, Plaintiff, an inmate confined at the Roxbury Correctional Institution, filed the instant 42 U.S.C. § 1983 action alleging that on February 10, 2005, he was threatened by Correctional Officer Mills. Paper No. 1. By way of a supplemental complaint, Plaintiff alleges that other defendants failed to correct the situation and as a result he suffered "loss of peace and liberty through retaliation, which resulted in stolen personal property, denial of library rights (legal library), ousting of tier representative position, inhuman treatment by other correctional officers, i.e., trashing of mail, mental and psychological abuse, slander ever since the threats occurred until this present day...." Paper No. 3. He requests damages. *Id.* Defendants have moved for dismissal or summary judgment. Paper No. 13. Plaintiff has not filed an opposition.[1] No hearing is necessary. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

**Standard of Review**

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on August 10, 2005, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 14. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion. As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc*., 840 F.2d 236, 240 (4th Cir. 1988). The Court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the court now examines Plaintiff's claims.

## Background

Plaintiff alleges that he was threatened by Officer Mills. Paper No. 1. He further alleges that other defendants failed to correct the situation resulting in certain acts evincing retaliation. Paper No. 3. It is undisputed that on February 15, 2005, Plaintiff filed an ARP complaining that Lt. Mills threatened Plaintiff, telling him to "stop putting in ARP's [sic] or else be subjected to punishment."

Paper No. 13, Ex. 2.1. The ARP was dismissed with a notation that the matter had been investigated and that insufficient evidence was found to support his complaint that he had been subjected to punishment and/or threatened. Plaintiff was reminded of the importance of "communicating problems in a cohesive manner" at the institutional level. *Id.* Plaintiff did not appeal the dismissal of his ARP, nor did he file any other ARPs concerning the facts alleged in his Complaint. *Id.*, Ex.1.

## Analysis

The Court first examines Defendants' contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in

the administrative process.  *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where Plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.  If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that Plaintiff filed one ARP regarding the alleged threat made by Lt Mills.  This ARP was dismissed and Plaintiff did not file any appeal.         Plaintiff clearly has failed to exhaust available administrative remedies with regard to his claims before this Court.  Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts at exhaustion; instead, Plaintiff through his own actions failed to file the appropriate appeals. The instant case, therefore, must be dismissed.

A separate Order will be entered in accordance with this Memorandum Opinion.

October 28, 2005

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE